**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| CAROLYN R. SIMMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.   26-01316 (UNA) |
| | ) | |
| | ) | |
| VAUGHAN PLACE *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

<u>**MEMORANDUM OPINION**</u>

Plaintiff, appearing *pro se*, has filed a form Complaint for a Civil Case and an application

to proceed *in forma pauperis* (IFP).  For the following reasons, the Court grants the IFP application

and dismisses the complaint.

Plaintiff, a resident of Washington, D.C., sues the District of Columbia Housing

Authority, D.C. Superior Court, "Vaughn Place," and two individuals seemingly affiliated with

the latter.  As the basis of jurisdiction, Plaintiff writes "illegal eviction, discrimination, defamation,

stolen inheritance, false cases, false statement, stolen identity, stolen property." Compl., ECF No.

1 at 3.  Plaintiff's rambling allegations are unintelligible.  *See, e.g., id*. at 4 ("My identity was

changed they claimed me a deceased[.]  I am deceased on paper to steal an inheritance.  Also they

continued to defame and file false claim based on lies from paid individuals.  There are multiple

companies involved in ponzi scheme[.]").  She claims "[a]s a result, I am homeless and need a stay

order to renter [sic] my property as the eviction was given past the 75 days and no new order was

ever presented or received[.]" *Id*.

Although *pro se* complaints are held to less stringent standards than those applied to formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), they must comport with the Federal Rules of Civil Procedure, *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain a short and plain statement of (1) the grounds for the court's jurisdiction, (2) the claim showing that the pleader is entitled to relief, and (3) the relief demanded. Fed. R. Civ. P. 8(a). It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). Thus, the pleader must allege enough facts to permit a court "to infer more than the mere possibility of misconduct." *Brown v. Whole Foods Mkt. Grp.*, 789 F.3d 146, 150 (D.C. Cir. 2015) (cleaned up). The pleading rules ensure that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer, mount an adequate defense, and determine whether the doctrine of *res judicata* applies. *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). They also assist the court in determining whether it has jurisdiction over the subject matter.

Plaintiff has not alleged a coherent set of facts to "give the defendants fair notice" of the claim and the "grounds upon which it rests." *Jones v. Kirchner*, 835 F.3d 74, 79 (D.C. Cir. 2016) (cleaned up). To the extent she challenges eviction proceedings in D.C. Superior Court, this federal district court lacks jurisdiction over such matters. *See Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996). Therefore, this case will be dismissed by separate order.

_____/s/_____
TANYA S. CHUTKAN
United States District Judge

Date: June 30, 2026